# In the United States Court of Federal Claims

No. 16-1678C

(Filed: June 21, 2017)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * | **FILED** |
| JEROME TODD, | JUN 2 1 2017 |
| Plaintiff, | U.S. COURT OF FEDERAL CLAIMS |
| v. | |
| THE UNITED STATES, | |
| Defendant. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * | |

## ORDER OF DISMISSAL

**WILLIAMS**, Judge.

This matter comes before the Court on Defendant's motion to dismiss. For the reasons stated below, Defendant's motion to dismiss is granted.

### Background[1]

Plaintiff pro se Jerome Todd is a prisoner incarcerated at the Federal Correctional Institution Marianna in Marianna, Florida. Plaintiff challenges his convictions for conspiracy to engage in sex trafficking, sex trafficking, and interstate transportation in furtherance of prostitution, and claims that he has been prevented from filing state law tort claims. Second Am. Compl. 8, 10. Plaintiff also alleges a Fifth Amendment taking of his "means of identification," as well as violations of 18 U.S.C. §§ 1028A, 1425, and 1427 and seeks $2 billion in damages. Id. at 2, 4-5, 10-11.

### Discussion

Plaintiff has the burden of establishing subject-matter jurisdiction in this Court. See Reynolds v. Army & Air Force Exch. Serv., 846 F.2d 746, 748 (Fed. Cir. 1988). The Court must dismiss the action if it finds subject-matter jurisdiction to be lacking. Adair v. United States, 497 F.3d 1244, 1251 (Fed. Cir. 2007). The Court assumes all factual allegations as true, and will

---

[1] This background is derived from Plaintiff's complaint.

construe the complaint in a manner most favorable to the Plaintiff when ruling on a motion to dismiss pursuant to Rule 12(b)(1). Pennington Seed, Inc. v. Produce Exch. No. 299, 457 F.3d 1334, 1338 (Fed. Cir. 2006).

The filings of pro se litigants are held to "'less stringent standards than formal pleadings drafted by lawyers.'" Naskar v. United States, 82 Fed. Cl. 319, 320 (2008) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). However, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction and must do so by a preponderance of the evidence. See Reynolds, 846 F.2d at 748; Tindle v. United States, 56 Fed. Cl. 337, 341 (2003).

The Tucker Act, 28 U.S.C. § 1491(a)(1) (2012), provides that this Court

> shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Tucker Act is not money-mandating, but rather is a jurisdictional statute. United States v. Testan, 424 U.S. 392, 398 (1976). To establish jurisdiction, a plaintiff must seek money damages under a source of substantive law. "[T]he claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained.'" United States v. Mitchell, 463 U.S. 206, 216-17 (1983) (quoting Testan, 424 U.S. at 400); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008) ("[A] plaintiff must identify a separate source of substantive law that creates the right to money damages." (internal quotations omitted)).

The gravamen of Plaintiff's complaint appears to be his challenge to his criminal convictions. This Court does not have jurisdiction over challenges to "indictments, arrests, prosecutions, convictions, imprisonment, or parole . . . ," nor does this Court have the authority to review the decisions of other federal courts. Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994); Schweitzer v. United States, 82 Fed. Cl. 592, 596 (2008). Plaintiff also alleges violations of several criminal statutory provisions - - 18 U.S.C. §§ 1028A, 1425, and 1427, but this Court lacks jurisdiction over criminal matters. Joshua, 17 F.3d at 379-80.

Although this Court has jurisdiction over Fifth Amendment taking claims, Plaintiff failed to allege facts which would give rise to a taking claim. Other than vaguely alleging that a federal prosecutor and the "United States Attorney's Office of the Financial Litigation Unit" effected a taking of his "means of identification" as well as the "identifiable government documents of his minor children," Plaintiff has not identified the specific property that was taken. Second Am. Compl. 4, 10. Nor has he alleged that property was taken for public use.

## Conclusion

Defendant's motion to dismiss is **GRANTED**. Plaintiff's remaining motions are denied as moot.[2] The Clerk is directed to dismiss this action.

_____
MARY ELLEN COSTER WILLIAMS
Judge

---

[2] Plaintiff also filed a motion for judgment on the Administrative Record, a motion for joinder of parties, two motions to take judicial notice, a motion for default judgment, and a motion for remand.

3